FILED
AUGUST 28, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SMM

| | |
|---|---|
| BLN Capital Funding LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 4213 |
| ) | |
| Schwan's Global Supply Chain, ) | Judge Lefkow |
| Inc., ) | Magistrate Judge Mason |
| ) | |
| Defendant. ) | |

### FIRST AMENDED VERIFIED COMPLAINT

NOW COMES the Plaintiff, BLN Capital Funding LLC ("BLN"), by and through its attorney, Fred R. Harbecke, and complains of Schwan's Global Supply Chain, Inc. ("Schwan's"), stating as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. Sect. 1332(a)(1), because the matter involves parties of diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C Sect 1391(a)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

3. This Court has personal jurisdiction over the Defendant because it has transacted business in this State, and also because the commission of a tort in this State.

## PARTIES AND NON-PARTIES

4. BLN has at all times relevant hereto been a limited liability company in good standing in the State of Illinois, engaged generally in the business of asset based lending, with its principal business address at 225 W. Washington, Suite 2200, Chicago, Illinois 60606. BLN has \_\_\_\_\_ members, all of whom are individuals domiciled in the State of Illinois

5. Schwan's has at all times relevant hereto been a Minnesota corporation not having an Illinois registration, with its Minnesota registered office at CT Corporation Systems, Inc., 100 S. 5th St, Suite 1075, Minneapolis, MN 55402.

6. Chef's Fresh Foods, LLC ("Chef's") was at all times which are relevant hereto, a Wisconsin limited liability company engaged generally in the business of providing specialized food products for resale to the general public, with its principal business address at 7811 County Highway D, Waupaca, WI 54981.

## FACTS

7. On or about February 1, 2007, Chef's entered into an Accounts Receivable Purchase, Inventory, Purchase Order and

General Security Agreement with BLN, whereby BLN purchased all of Chef's accounts receivable (the "Factoring Agreement," Exhibit A). In order to assure the payment of fees and other charges required under the Factoring Agreement, on January 26, 2007 BLN filed a form U-1 Financing Statement with the Wisconsin Secretary of State (Exhibit B).

8. From time to time BLN paid Chef's for Chef's invoices, and the invoices were assigned to BLN. BLN fully performed all that was required of it under the Factoring Agreement.

9. On February 8, 2007, BLN and Chef's notified The Schwan Food Company of the assignment of Chef's invoices to BLN (Exhibit C). The notice further indicated that all payments were to be paid directly to a BLN lock box account.

10. The Notice was not returned to BLN as undeliverable.

11. During October, 2007, Chef's notified BLN that Chef's had ceased doing business, which action constituted a default under the terms of the Factoring Agreement.

12. At the time of the default, Chef's owed BLN the sum of approximately $858,961.65. Although BLN has received some proceeds of accounts receivable, there remains due the sum of approximately $337,252.73.

13. During October 2007, BLN again notified account debtors

of Chef's, including Schwan Food Company, and demanded payment directly to BLN.

14. Since Chef's default, Schwan Food Company, through Ouna Yang of Schwan's Shared Services, LLC, has informed BLN that notwithstanding the February 8, 2007 notice, Schwan's had paid three (3) of Schwan's invoices directly to Chef's, which invoices are in the amount of $165,057.20 (jointly the "Invoices," joint Exhibit D). (Two invoices are attached as joint Exhibit D; an affidavit as to the third invoice is attached as Exhibit E.)

15. Chef's has failed and refused to turnover to BLN the $165,057.20 that was improperly paid by Schwan's to Chef's.

16. BLN did not know of and did not consent to the direct payments by Schwan's to Chef's.

17. Schwan's direct payments to Chef's were contrary to the instructions and directions given to Schwan's in the February 8, 2007 notice.

18. In and after February 8, 2007, Schwan's had actual notice and knew that (a) BLN had a priority right to the Invoices, and (b) payment of any of those funds directly to Chef's or any person other BLN could damage BLN.

19. BLN is the owner of the Invoices by assignment pursuant to the Factoring Agreement, and in its own name is solely

entitled to payment thereon.

20. Schwan's has not disputed the delivery of goods from Chef's and its acceptance of such goods. By paying the sums claimed on the invoices, Schwan's has also admitted that the amount charged by Chef's was correct, and was due.

21. Although BLN has demanded payment, Schwan's has failed and refused to pay them to BLN.

22. There remains the sum of $165,057.20 due and owing on the Invoices from Schwan's to BLN.

23. But for the direct payment by Schwan's to Chef's, BLN would have received those funds.

24. Schwan's failure or refusal to pay the sums due has been vexatious.

### COUNT I - 810 ILCS SECT. 5/9-406

**NOW COMES** the Plaintiff, BLN Capital Funding LLC ("BLN"), by and through its attorney, Fred R. Harbecke, and complains of Schwan's Global Supply Chain, Inc. ("Schwan's"), stating as follows:

1-24. The Plaintiff restates and incorporates in this Count I paragraphs 1 through 24 above.

25. Pursuant to 810 ILCS 5/9-406, once an account debtor receives notice of the assignment of an account receivable, the

account debtor may only discharge its obligation by paying the assignee.

26. Pursuant to 810 ILCS 5/9-406, payment of the Invoices to Chef's did not release or discharge Schwan's liability to BLN.

**WHEREFORE**, BLN prays this Honorable Court for judgment in the amount of $165,057.20, plus interest as provided by statute and costs of suit against Schwan's; and for such other and further relief as this Honorable Court may deem just.

### COUNT II - AIDING AND ABETTING CHEF'S CONVERSION

**NOW COMES** the Plaintiff, BLN Capital Funding LLC ("BLN"), by and through its attorney, Fred R. Harbecke, and complains of Schwan's Global Supply Chain, Inc. ("Schwan's"), stating as follows:

1-24. The Plaintiff restates and incorporates in this Count I paragraphs 1 through 24 above.

25. As a result of receiving the February 8, 2007 notice, Schwan's know that Chef's had assigned its accounts receivable to BLN, and knew that Schwan's should not pay any of the Invoices directly to Chef's.

26. After receipt of the February 8, 2007 notice, Schwan's also knew or should have known that, if any of the Invoices were paid directly to Chef's (a) Chef's would use or might use the

6

funds for purposes other than paying its obligations to BLN, and (b) BLN would not or might not receive all or a part of the funds.

27. Chef's converted the $165,057.20 paid to it by Schwan's by accepting payment of it directly from Schwan's and not paying any of it to BLN.

28. But for the assistance of Schwan's, Chef's would not have been able to convert any of the funds received from the Invoices.

29. Schwan's aided and abetted the conversion by Chef's, causing BLN to sustain damages in the amount of $165,057.20.

**WHEREFORE**, BLN prays this Honorable Court for judgment in the amount of $165,057.20, plus interest as provided by statute and costs of suit against Schwan's; and for such other and further relief as this Honorable Court may deem just.

### COUNT III - INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

**NOW COMES** the Plaintiff, BLN Capital Funding LLC ("BLN"), by and through its attorney, Fred R. Harbecke, and complains of Schwan's Global Supply Chain, Inc. ("Schwan's"), stating as follows:

1-24. The Plaintiff restates and incorporates in this Count

I paragraphs 1 through 24 above.

25. As a result of receiving the February 8, 2007 notice, Schwan's knew or should have known that BLN and Chef's had an existing, valid and enforceable contract for financing. Schwan's also knew or should have known of the BLN/Chef's contract from the filed UCC financing statement.

26. Schwan's also knew that the BLN/Chef's financing agreement required Schwan's to pay the Invoices only and directly to BLN.

27. By engaging in the conduct described above, Schwan's caused and facilitated Chef's breach of the Factoring Agreement.

28. As a direct and proximate result of the actions of Schwan's, BLN sustained damages in an amount of $165,057.20.

**WHEREFORE**, BLN prays this Honorable Court for judgment in the amount of $165,057.20, plus interest as provided by statute and costs of suit against Schwan's; and for such other and further relief as this Honorable Court may deem just.

                                        BLN Capital Funding LLC

                                        /s/ Fred R. Harbecke

                                        Fred R. Harbecke, its attorney

Fred R. Harbecke
29 S. LaSalle Street, Suite 945
Chicago, IL  60603 (312) 443-9505